UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**L.J. STAR INCORPORATED,** *et al.*,

    **Plaintiffs,**

    v.                                    **Civil Action 2:19-cv-4527**
                                          **Judge Michael H. Watson**
**STEEL & O'BRIEN MANUFACTURING,**     **Magistrate Judge Chelsey M. Vascura**
**INC.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of several motions by Plaintiffs, L.J. Star Incorporated and Advanced Couplings Limited. For the reasons that follow, Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 14), Plaintiffs' request for an extension of time to complete service on Defendants Process Division, Inc. and John Does I–X (ECF No. 19), and Plaintiffs' Motion for Leave to Serve Defendant Wenzhou Chengyi Machinery Co., Ltd. through Alternative Means (ECF No. 20) are **GRANTED**. Defendants KSB Ventures, Inc. and Steel & O'Brien Manufacturing, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 13) is **DENIED AS MOOT**.

        **I.**        **BACKGROUND**

Plaintiffs commenced this action on October 11, 2019, against Defendants Steel & O'Brien Manufacturing, Inc., Process Division, Inc., and Wenzhou Chengyi Machinery Co., Ltd. (Compl., ECF No. 1.) On January 3, 2020, the Court granted Plaintiffs' unopposed motion to file a First Amended Complaint, which named additional Defendants KSB Ventures, Inc. and John Does I–X (whom Plaintiffs allege are "individuals who are and/or were owners, officers,

directors, an/or employees of KSB whose names and addresses are currently unknown"). (ECF Nos. 9–10.) On March 6, 2020, Defendants KSB Ventures, Inc. and Steel & O'Brien Manufacturing, Inc. filed a Motion to Dismiss Plaintiffs' First Amended Complaint, which remains pending (ECF No. 13). Plaintiffs then filed a Motion for Leave to File Second Amended Complaint on March 27, 2020. (ECF No. 14.) The proposed Amended Complaint would clear up what Plaintiffs contend are misunderstandings by KSB and Steel & O'Brien, evident in their Motion to Dismiss, as to what allegedly deceptive trade practices are at issue in Plaintiffs' claims and the causes of action Plaintiffs assert under the Lanham Act and Ohio's Deceptive Trade Practices Act. (Pls.' Mot. for Leave to Amend., ECF No. 14.) KSB and Steel & O'Brien, the only Defendants who have yet been served with process, oppose Plaintiffs' Motion for Leave to File Second Amended Complaint on grounds that the proposed amendment is futile because the Second Amended Complaint could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Resp., ECF No. 18). KSB and Steel & O'Brien also request, in the event the Court grants' Plaintiffs' motion to amend, their attorney's fees incurred in preparing their Motion to Dismiss the First Amended Complaint and reply in support, which would be rendered moot by the Second Amended Complaint. (*Id.* at 14.)

In addition to KSB and Steel & O'Brien, the currently operative First Amended Complaint and proposed Second Amended Complaint name as Defendants Process Division, Inc., Wenzhou Chengyi Machinery Co., Ltd., and John Does I–X, none of whom have yet been served with process. Plaintiffs seek an extension of time to complete service on the domestic Defendants, Process Division and John Does (ECF No. 19), and leave to serve Chinese Defendant Wenzhou Chengyi by alternative means (ECF No. 20).

## II. PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

As set forth above, KSB and Steel & O'Brien's arguments in opposition to Plaintiffs' Motion to Amend are that Plaintiffs have not sufficiently pleaded claims under the Lanham Act or Ohio's Deceptive Trade Practices Act. Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty

presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiffs to amend their First Amended Complaint with the understanding that Defendants are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed."). Accordingly, Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 14) is **GRANTED** and KSB and Steel & O'Brien's Motion to Dismiss (ECF No. 13) is **DENIED AS MOOT**.

The Court also finds that KSB and Steel & O'Brien have not identified sufficient grounds for an award of attorney's fees in relation to their now mooted Motion to Dismiss. Accordingly, their request for attorney's fees is **DENIED**.

### III. PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME TO SERVE DOMESTIC DEFENDANTS

Federal Rule of Civil Procedure 4(m) provides as follows:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

A "plain reading" of the Rule "shows that a district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause, whenever a plaintiff fails to perfect service within [90] days after filing a complaint." *Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018) (quoting *Greene v. Venatter*, No. 2:13-CV-00345, 2014 WL 559154, at *2 (S.D. Ohio Feb. 11, 2014)).  However, if a plaintiff shows good cause for failure to timely complete service, the court's discretion is removed.  "Upon a showing of good cause, a district court *shall* extend the time for service." *Id.*

Here, Plaintiffs' original Complaint naming Process Division, Inc. was filed on October 11, 2019 (ECF No. 1) and Plaintiffs' First Amended Complaint naming John Does I–X was filed on January 3, 2020 (ECF No. 10).  Thus, Plaintiffs have not completed service on Process Division and the Doe Defendants within the time permitted by Rule 4(m).

However, the Court finds that Plaintiffs have demonstrated excusable neglect for their failure to complete service.  The United States Court of Appeals for the Sixth Circuit has indicated that four factors are relevant to whether a party demonstrates excusable neglect sufficient to warrant an extension of time to complete service: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005).  Plaintiffs represent that they had not previously attempted service on Process Division and the Does because "to this point Plaintiffs have focused their efforts to resolve this litigation efficiently and with minimal use of this Court's resources through settlement with Defendants KSB Ventures, Inc. and Steel & O'Brien Manufacturing, Inc."  (Resp. to Show Cause Order 1, ECF No. 19).  However, at this time, "it is apparent that this case will not settle early," and

5

Plaintiffs wish to move forward with service on Process Division and the Does. (*Id.*) Further, the Court agrees that little prejudice will be suffered by any party as a result of the extension, as the Court has not yet set a preliminary pretrial conference, the parties have not yet conferred under Federal Rule of Civil Procedure 26(f), and, accordingly, discovery has not yet begun. Additionally, Plaintiffs did forward a request for waiver of service to Process Division shortly after filing the original Complaint, but Plaintiffs never received a response. Finally, Plaintiffs requested via email the identities of the Doe Defendants from KSB and Steel & O'Brien on March 6, 2020, but had not received a response as of April 21, 2020. All of these factors suggest an extension of time to complete service on Process Division and the Doe Defendants is appropriate.

The Court further construes Plaintiffs' request for an extension of time to serve the Doe Defendants as a motion for expedited discovery under Federal Rule of Civil Procedure 26(d). Rule 26(d) provides as follows:

> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
>
> (2) Sequence. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> > (A) methods of discovery may be used in any sequence; and
> >
> > (B) discovery by one party does not require any other party to delay its discovery.

Fed. R. Civ. P. 26(d). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery prior to the parties' Rule 26(f) conference. *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts considering

6

motions for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Id.* (citation omitted). The moving party may establish good cause by demonstrating that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). In addition, the scope of the requested discovery is also relevant to a good cause determination. *Lemkin*, 2009 WL 1542731, at *2 (citation omitted).

In the instant case, the Court concludes that good cause exists to permit Plaintiffs to conduct limited expedited discovery to learn the Doe Defendants' identities so that they may timely effect service under Federal Rule of Civil Procedure 4(m). *Cf. Yates v. Young*, Nos. 84-5586, 85-5701, 1985 WL 13614, at *2, 772 F.3d 909 (Table) (6th Cir. Aug. 28, 1985) ("Although designation of a 'John Doe' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery" (citations omitted)); *Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to serve them within Rule 4(m) timeframe).

Accordingly, Plaintiffs' request for expedited discovery is **GRANTED**. Plaintiffs may serve narrowly tailored discovery requests upon KSB and/or Steel & O'Brien requesting disclosure of the Doe Defendants' identifying information, including names, addresses, e-mail addresses, and telephone numbers. Plaintiffs may utilize the information obtained through these discovery requests solely for the purpose of prosecuting this action.

### IV. PLAINTIFFS' MOTION FOR LEAVE TO SERVE FOREIGN DEFENDANT BY ALTERNATIVE MEANS

Rule 4(m)'s 90-day time limit for service does not apply to defendants served in a foreign country; accordingly, Plaintiffs are not untimely in their failure to thus far serve China-based Defendant Wenzhou Chengyi Machinery Co., Ltd. But Plaintiffs contend that service through conventional means (*i.e.*, delivering a hard copy of the complaint and summons to Wenzhou Chengyi's physical business address) are unlikely to succeed. Accordingly, Plaintiffs seek leave to serve Wenzhou Chengyi via email and through WhatsApp and LinkedIn via direct message to Wenzhou Chengyi's General Manager, Cherry Huang. (Mot., ECF No. 20.)

A foreign corporation must be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). A foreign corporation must therefore be served, in relevant part:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [the "Hague Convention"]; [or]
>
> * * *
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) (quoting *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)). "Notably, courts have consistently found that there is not a hierarchy among the subsections of Rule 4(f)." *Id.* at 260 (collecting cases). "As such, a plaintiff is not required to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use

8

alternative means under Rule 4(f)(3)." *Id.* Further, "[a]s this Court has recognized, courts have repeatedly found that email service is not prohibited by the Hague Convention." *Eversole v. Durrani*, No. 1:18-cv-856, 2019 WL 5846974, at *2 (S.D. Ohio Apr. 16, 2019) (citing *Medical Protective Co. v. Center for Advanced Spine Tech., Inc.*, No. 1:14-cv-005, 2014 WL 12653861, at *2 (S.D. Ohio Jan. 13, 2014)). However, a plaintiff must demonstrate that "the chosen method comports with constitutional notions of due process, namely that the service of process be 'reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Studio A Entm't, Inc. v. Active Distrib., Inc.,* No. 1:06-cv-2496, 2008 WL 162785, at *2–3, (N.D. Ohio Jan. 15, 2008)).

The Court finds Plaintiffs have satisfied their burden. First, Plaintiffs diligently attempted to contact Wenzhou Chengyi to arrange for formal service. On its website, Wenzhou Chengyi lists its address as "Huangzhen Rd., Yongxing Str., Longwan Dist., Wenzhou City, Zhejiang, China," but does not provide a street or suite number. Wenzhou Chengyi also lists two telephone numbers, one email address, and a link to send it a message via WhatsApp. Plaintiffs' counsel attempted to contact Wenzhou Chengyi via each of these methods of communication, but never received a response. Plaintiffs' counsel further conducted searches for a complete physical address, additional email addresses, and other contact information for Wenzhou Chengyi in at least 7 online databases, but were not able to find any additional contact information. Plaintiffs' counsel did identify Cherry Huang as the General Manager of Wenzhou Chengyi via a LinkedIn search, but direct messages to Cherry Huang via LinkedIn were not returned. Accordingly, Plaintiffs' counsel emailed a request for waiver of service to the listed email address. Notably, emails sent to the listed email address did not "bounce back," indicating

9

the email address is valid and active. However, Plaintiffs' counsel received no response after 60 days. (*See generally* Licata Decl., ECF No. 20-2).

Further, in this case, the Hague Convention's service requirements are inapplicable because they "[d]o not apply where the address of the person to be served with the document is not known." Art. 1, *Convention Done at the Hague Nov. 15, 1965*, T.I.A.S. No. 6638 (Feb. 10, 1969). Plaintiffs have reasonably attempted to ascertain Wenzhou Chengyi's full address but have been unable to do so. Service under the Hague Convention is therefore unavailable to Plaintiffs.

Based upon the record before it, the Court concludes that service through the e-mail, LinkedIn, and WhatsApp accounts that Plaintiffs' counsel has obtained for Wenzhou Chengyi and its general manager Cherry Huang would comport with the requirements of due process and is not prohibited by international agreement or other law. Accordingly, Plaintiffs' Motion for Leave to Serve Wenzhou Chengyi through Alternative Means is **GRANTED**.

## V. DISPOSITION

In sum, for the reasons set forth above, Plaintiffs' Motion for Leave to File Second Amended Complaint is **GRANTED**. (ECF No. 14.) The Clerk is **DIRECTED** to file on the docket Plaintiffs' Second Amended Complaint, attached to their Motion as Exhibit 1. (ECF No. 14-1.) Plaintiffs' request for extension of time to complete service on Defendants Process Division, Inc. and John Does I–X (ECF No. 19) and Plaintiffs' Motion for Leave to Serve Wenzhou Chengyi Machinery Co., Ltd. through Alternative Means (ECF No. 20) are also **GRANTED**. Defendants KSB and Steel & O'Brien's Motion to Dismiss (ECF No. 13) is **DENIED AS MOOT**, and their request for attorney's fees (ECF No. 18) is **DENIED**.

It is further **ORDERED** that Plaintiffs must complete service of the Second Amended Complaint on Defendant Process Division, Inc. in compliance with Rule 4(h)(1), and on Defendant Wenzhou Chengyi Machinery Co., Ltd. in the manner approved in this Order, **WITHIN 30 DAYS OF THE DATE OF THIS ORDER**.  Plaintiffs must identify the Doe defendants, move to amend the Complaint to substitute their real names, and serve them with the Second Amended Complaint **WITHIN 90 DAYS OF THE DATE OF THIS ORDER**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE